**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBORAH K. VENESEVICH,** | : | **CIVIL ACTION NO. 1:07-CV-2118** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL J. LEONARD and FRANCINE SEISLOVE,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a civil rights action brought by plaintiff Deborah K. Venesevich ("Venesevich") against her superiors, defendants Michael J. Leonard and Francine Seislove. All parties hereto are federal employees. Venesevich alleges that defendants violated her First Amendment rights by retaliating against her for raising complaints about their management practices. Defendants have filed a motion to dismiss (Doc. 11) on the ground that Venesevich's claims are not cognizable as a matter of law. For the reasons that follow, the motion will be granted and the case closed.

## I. Factual Background[1]

Venesevich works as a special agent for the Federal Investigative Services Division of the Office of Personnel Management ("OPM"). (Doc. 1 ¶ 1.) She was

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

compensated at grade GS-7 on the General Schedule pay scale at the time she filed the instant complaint. (Id. ¶ 12.)

At an unspecified point during her employment, Venesevich's immediate supervisor, defendant Michael J. Leonard ("Leonard"), allegedly mismanaged government resources under his control. (Id. ¶¶ 17, 20.) Venesevich has not identified which resources Leonard purportedly wasted, nor has she described the manner in which he did so. At some point, she broached the subject with Leonard, who allegedly responded through a series of adverse actions, including withholding promotions, assigning her to undesirable tasks, and denying her a choice of work vehicles and parking privileges. (Id. ¶¶ 17, 21.)

Venesevich then reported Leonard's conduct to his supervisor, defendant Francine Seislove ("Seislove"). (Id.) Seislove allegedly recognized the impropriety of Leonard's conduct but failed to remedy the situation. (Id. ¶¶ 22, 24.) Instead, she assigned Venesevich a ride-along mentor and temporarily transferred her to a duty station in New Jersey, where Venesevich shadowed an agent from another office under Seislove's command. (Id. ¶ 23.) Venesevich alleges that Seislove performed these actions in further retaliation for her complaints about Leonard's conduct. (Id. ¶¶ 22-23, 25.)

Venesevich alleges that in the absence of defendants' conduct she would presently qualify for compensation at a grade GS-11 or GS-12 level. (Id. ¶¶ 13-14.) She contends that colleagues with positions and experience similar to hers have received promotions while she has not. (Id. ¶¶ 14-16.)

Venesevich filed the instant complaint on November 20, 2007, requesting damages for alleged violations of her First Amendment rights. (See Doc. 1 at 7 & ¶ 27.) She advances a retaliation claim under Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), to which she appends a civil conspiracy claim under state law. Defendants contend that these claims cannot be advanced by plaintiffs such as Venesevich, who have access to statutory federal civil service remedies for adverse actions that arise during the course of their employment. The parties have fully briefed these issues, which are now ripe for disposition.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to "give the defendant notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at ----, 127 S. Ct. at 1965). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion[2]

Venesevich advances a First Amendment retaliation claim under Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) based upon defendants' response to her criticism of Leonard's job performance. She also asserts a state law conspiracy claim, alleging that defendants colluded to deprive her of her First Amendment rights.

---

[2]The court is both disappointed and disturbed to conclude that plaintiff's attorney, Don Bailey ("Attorney Bailey"), has plagiarized a significant portion of plaintiff's brief in opposition to the motion to dismiss. Approximately five of the eight pages of discussion are copied verbatim from judicial opinions issued by the United States Court of Appeals for the Third Circuit, this court, and our sister court for the Eastern District of Pennsylvania. Compare (Doc. 15 at 8-9), with Sarullo v. U.S. Postal Serv., 352 F.3d 789, 795 (3d Cir. 2000); compare (Doc. 15 at 5-6), with Mitchum v. Hurt, 73 F.3d 30, 35 (3d Cir. 1995); compare (Doc. 15 at 9), with Johnson v. Orr, 780 F.2d 386, 395 n.17 (3d Cir. 1986); compare (Doc. 15 at 6), with Vieux v. Smith, No. 4:07-CV-299, 2007 WL 1650579, at *8 (M.D. Pa. June 5, 2007); compare (Doc. 15 at 10-11), with Bower v. Stewart, No. 1:03-CV-0792, 2006 WL 3069340, at *3 (M.D. Pa. Oct. 26, 2006); compare (Doc. 15 at 7-8), with Newmark v. Principi, 262 F. Supp. 2d 509, 513 (E.D. Pa. 2003). The one-page standard of review section also mirrors that frequently employed by our colleague, the Honorable Sylvia H. Rambo, with suspicious equivalence. Compare (Doc. 15 at 4-5), with, e.g., Foster v. JLG Industries, 372 F. Supp. 2d 792, 797-98 (M.D. Pa. 2005). Indeed, none of the legal research contained in Attorney Bailey's brief appears to be his own work product, yet he has not quoted or cited any of these cases for the content reproduced from them.

The federal bench has denounced such mass appropriation as improper, "completely unacceptable," United States v. Bowen, 194 F. App'x 393, 402 n.3 (6th Cir. 2006), and "reprehensible," Velez v. Alvarado, 145 F. Supp. 2d 146, 160 (D.P.R. 2001). Although reliance upon precedent forms the bedrock of legal argument, "citation to authority is *absolutely required* when language is borrowed." Bowen, 194 F. App'x 402 n.3 (emphasis added); see also Denton v. Rievley, No. 1:07-CV-211, 2008 WL 4899526, at *2 n.2 (E.D. Tenn. 2008) ("Counsel's assertion that large amounts of text can be copied without attribution is incorrect."). In fact, several courts have recognized that plagiarism violates the prohibition that state ethics codes place on misrepresentation and deceit. See, e.g., In re Burghoff, 374 B.R. 681, 684-85 (Bankr. N.D. Iowa 2007) (concluding that plagiarism violated Iowa Rule of

"A Bivens action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under the color of federal law."[3] Brown v. Philip Morris, 250 F.3d

---

Professional conduct 32:8.4, which is substantively identical to Rule 8.4 of the Pennsylvania Rules of Professional Conduct); Kingvision Pay Per View, Ltd. v. Wilson, 83 F. Supp. 2d 914, 916 n.4 (W.D. Tenn. 2000) (characterizing plagiarism as potentially violative of ethical rules); In re Lamberis, 443 N.E.2d 549, 552 (Ill. 1982) (holding that plagiarism constituted deceit under applicable rules of professional conduct). The Third Circuit has also been highly critical of this conduct, concluding in United States v. Lavanture, 74 F. App'x 221, 224 n.2 (3d Cir. 2003), that an appellate counsel who plagiarized less text than Attorney Bailey "ill-represent[ed] his client's interests . . . ." Id.; see also Vasquez v. City of Jersey City, No. 03-CV-5369, 2006 WL 1098171, at *8 n.4 (D.N.J. Mar. 30, 2006) (expressing "displeasure" with a submission that quoted a judicial opinion at length without attribution).

Attorney Bailey's plagiarism is particularly troubling because this court previously issued an admonition about such conduct in a case in which he participated. In Schultz v. Wilson, Attorney Bailey's co-counsel submitted a brief that contained over a page of text copied from an opinion issued by the Eastern District of Pennsylvania. No. 1:04-CV-1823, 2007 WL 4276696, at *6 n.13 (M.D. Pa. Dec. 4, 2007). The court advised Attorney Bailey and his co-counsel that "it is certainly misleading . . . to quote at length a judicial opinion (or, for that matter, any source) without clear attribution" and disapproved the practice. Id. (quoting Lavanture, 74 F. App'x at 224 n.2 (omission in original)). This prior admonition has clearly passed unheeded.

The court will therefore issue a more direct rebuke: Attorney Bailey's plagiarism is professional misconduct, and it is unacceptable behavior by a member of the bar of the Middle District of Pennsylvania. Plagiarism constitutes misrepresentation and is therefore a violation of Rule 8.4(c) of the Pennsylvania Rules of Professional Conduct and of the Local Rules of Court. See PA. R. PROF. CONDUCT 8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."); L.R. 83.23.2 (applying Pennsylvania Rules of Professional Conduct to practice before this court). The court expects that Attorney Bailey's future submissions will conform to all applicable standards of professional conduct.

[3]Defendants apparently concede for purposes of the instant motion that they were acting under color of federal law.

789, 800 (3d Cir. 2001); see also Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991).

Venesevich advances a Bivens action in which she alleges that Leonard retaliated against her by giving her undesirable work and by denying her promotions, salary increases, choice vehicle assignments, and parking privileges. Seislove allegedly infringed plaintiff's rights by placing her with a ride-along mentor and by temporarily transferring her to New Jersey. Generally, a First Amendment retaliation plaintiff must aver: (1) conduct or speech protected by the First Amendment; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights; and (3) a causal link between the constitutionally protected conduct or speech and the retaliatory action. Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006); see also, e.g., Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 282 (3d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Federal employment, however, may render a First Amendment Bivens claim untenable if the claim arises from the course of the plaintiff's employment. Under Bush v. Lucas, 462 U.S. 367, 390 (1983), a federal employee may not lodge a First Amendment claim for damages[4] against a supervisor if Congress has created a

---

[4]Claims for injunctive relief are unaffected by Bush. See Mitchum, 73 F.3d at 35-36.

remedial statutory framework for handling such claims. Schweiker v. Chilicky, 487 U.S. 412, 423 (1988); Purtill v. Harris, 658 F.2d 134, 137 (3d Cir. 1981) ("[I]n light of available civil service remedies a federal employee has no cause of action for damages under the first amendment for retaliatory demotion."). The Civil Service Reform Act of 1978 ("CSRA"), Pub. L. 95-454, 92 Stat. 1111, provides such a structure.[5] Bush, 462 U.S. at 390. Hence, if the CSRA provides a putative plaintiff with a remedy for a First Amendment violation that occurs during the course of employment, the employee may not maintain a separate Bivens action to vindicate the wrong. Wright v. Hadrick, 90 F. App'x 641, 642 (3d Cir. 2004) ("[T]he CSRA provides the sole remedy for damage claims brought by federal employees who are subject to its protections.").

Bush forecloses Venesevich's retaliation because she may seek redress under the CSRA. At all times pertinent to this action, Venesevich worked as a special agent for OPM. (Doc. 1 ¶¶ 1, 11.) As a federal employee, the CSRA allows her to file a complaint with the Office of Special Counsel (hereinafter "the Special Counsel"), an entity that "receive[s] and investigate[s] allegations of prohibited personnel

[5]Many of the remedial provisions available to Venesevich, such as 5 U.S.C. §§ 1212 and 1221, were implemented by the Whistleblower Protection Act of 1989, Pub. L. 101-12, 103 Stat. 16, which interlocks with the CSRA to create a comprehensive remedial framework for aggrieved federal employees. For purposes of the instant memorandum, the court will collectively refer to the remedial provisions of both Acts as "the CSRA."

practices" by federal employees.[6] 5 U.S.C. § 1212(a)(2); see also 5 C.F.R. § 1800.1(c)(establishing procedures for filing complaints arising from prohibited personnel practices). The Special Counsel investigates complaints and submits disciplinary recommendations to the Merit Systems Protection Board (hereinafter "the Board"), which adjudicates the recommended sanctions. See 5 U.S.C. § 1215(a)(1); see also 5 C.F.R. § 1201.2(a) (stating that the Board possesses original jurisdiction over all actions brought by the Special Counsel). If a federal employee files a complaint with the Special Counsel and the Special Counsel recommends no disciplinary action, the employee may appeal the Special Counsel's decision directly to the Board. See 5 U.S.C. § 1221 (allowing employees who suffer prohibited personnel practices to seek relief directly from the Board); id. § 1214(a)(3) (requiring most employees to seek corrective action from the Special Counsel before pursuing an action directly with the Board). An adverse decision before the Board is subject to judicial review. See id. § 7703.

---

[6]The Special Counsel possesses statutory authority to investigate "prohibited personnel practices," which include supervisory actions taken in response to "any disclosure of information by an employee . . . which the employee . . . reasonably believes evidences . . . gross mismanagement, a gross waste of funds, [or] an abuse of authority." 5 U.S.C. §§ 1212(a)(2); 2302(b)(8)(A)(ii); see also id. § 2302(a)(2)(A) (identifying personnel actions, including promotions and transfers, that may not be undertaken on the basis of a prohibited personnel practice); accord 5 C.F.R. § 1800.1(a)(12). In the present matter, Venesevich alleges that defendants conspired and retaliated against her because she "complained and objected to Michael Leonard[,] her supervisor, that he was erroneously and intentionally wasting government resources and committing waste akin to a fraud." (Doc. 1 ¶ 17.) Her complaint therefore alleges a prohibited personnel practice within the Special Counsel's authority under the CSRA, and she must employ the procedures created by the Act to obtain relief for the alleged infractions of her rights.

These comprehensive remedial structures provide Venesevich with an adequate, meaningful remedy to vindicate the alleged First Amendment violations by Leonard and Seislove. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 796 (3d Cir. 2003) (stating that the CSRA provides meaningful remedies in a variety of claims in which the plaintiff's "status as a federal employee is central to [the] complaint"); Simpson v. McCarthy, 741 F. Supp. 95, 96 (W.D. Pa. 1990) ("Bush v. Lucas held that the Supreme Court would not authorize a Bivens action for federal employees whose First Amendment right to speak on a matter of public concern had been infringed by a superior." (citations omitted)). She must employ this remedial system in lieu of a Bivens action.[7]

---

[7]Venesevich contends that she may advance a state law conspiracy claim against defendants regardless of the disposition of her federal claims. The parties have not identified any precedent in which the United States Court of Appeals for the Third Circuit has addressed Bush's applicability to state tort claims, and the court's independent research has produced none. However, several federal courts, including our sister court for the Eastern District of Pennsylvania, have held that such claims are precluded in light of courts' restraint in recognizing judicially created remedies when "Congress has provided mechanisms for constitutional violations that may occur in the course of [administering a federal government program]." Schweiker, 487 U.S. at 423; see Henderson v. Vet. Affairs Med. Ctr., No. Civ.A. 02-7756, 2003 WL 21294915, at * 1 (E.D. Pa. Jan. 28, 2003) ("The CSRA precludes any other theory of relief, including a Bivens claim against another federal employee, *a state law tort claim against other employees* or federal agencies, or any Constitutional claims against the government generally." (emphasis added)); see also Meredith v. U.S. Dep't of Justice, 166 F.3d 1214, 1998 WL 833690, at *4 (6th Cir. 1998) (unpublished table decision); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991); Broughton v. Courtney, 861 F.2d 639, 644 (11th Cir. 1988) (holding that when "an employee challenges personnel actions *within the [CSRA's] coverage under state law,* those challenges are preempted" (emphasis added)). The court finds that preclusion of state tort claims covered by the CSRA provides an adequate remedy for Venesevich's alleged wrongs and is consistent with the deference that Bivens and Bush accord to Congressional policymaking. Venesevich's state

## IV. Conclusion

The remedial system established by the CSRA provides Venesevich an adequate remedy for the First Amendment deprivations of which she complains. Her Bivens complaint will be dismissed without prejudice to her right to pursue a claim within this remedial structure.

An appropriate order accompanies this memorandum.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: December 19, 2008

---

conspiracy claims will therefore be dismissed. Were Bush preclusion of these claims inappropriate, however, the court would nevertheless decline to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBORAH K. VENESEVICH,** | : | **CIVIL ACTION NO. 1:07-CV-2118** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL J. LEONARD and FRANCINE SEISLOVE,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 19th day of December, 2008, upon consideration of the motion to dismiss (Doc. 11) and, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 11) is GRANTED without prejudice to plaintiff's right to pursue any remedy available to her under the Civil Service Reform Act of 1978 and the Whistleblower Protection Act of 1989.

2. The Clerk of Court is instructed to CLOSE this case.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge