# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH K. VENESEVICH,** : | CIVIL ACTION NO. 1:07-CV-2118 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **MICHAEL J. LEONARD** and : | |
| **FRANCINE SEISLOVE,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 6th day of January, 2008, upon consideration of plaintiff's motion to vacate (Doc. 23) footnote 2 of the memorandum and order (Doc. 22) dated December 19, 2008, in which the court identified numerous instances of mass appropriation of work product from judicial opinions without attribution (see id. at 5 n.2), and it appearing that plaintiff's counsel asserts that he is not responsible this misconduct because he retained an unidentified attorney to draft the brief, (see Doc. 23 at 3-4), and the court concluding that appropriation without attribution is immediately apparent from the face of the brief, (see Doc. 22 at 5 n.2), that Rule 11 of the Federal Rules of Civil Procedure imposes a "'personal, nondelegable responsibility'" on the signer of a filing to perform a "reasonable inquiry into the contents of the pleading, motion, or other paper" to ensure that it complies with the signer's Rule 11 obligations, Garr v. U.S. Healthcare, Inc., 22 F.3d 1274, 1278 (3d Cir. 1994) (quoting Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120, 127 (1989)); Kramer v. Nowak, 908 F. Supp. 1281, 1293 (E.D. Pa. 1995) (stating that ultimate

responsibility for validating the "truth and legal reasonableness" of court filings rests exclusively with the signer and that such responsibility cannot be delegated to other attorneys (quoting Pavelic, 493 U.S. at 126-27))[1], and that the conduct of counsel's unidentified associate is therefore insufficient to vitiate counsel's personal responsibility for the filing, it is hereby ORDERED that the motion to vacate (Doc. 23) is DENIED.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[1] The court recently admonished Attorney Bailey in an unrelated matter for attempting to shirk his non-delegable duties under Rule 11. In Conklin v. Warrington Township, 476 F.Supp.2d 458, 459 (M.D. Pa. 2007), the court observed: "Attorney Bailey's act of signing the motion . . . carries with it the explicit representations and confluent obligations of Rule 11. That Attorney Bailey chose to submit a motion and brief ostensibly prepared by his client does not alter his fundamental obligations under Rule 11." (citations omitted). Under the circumstances, Attorney Bailey's efforts to absolve his transgressions by casting blame upon an unidentified ghost writer are ill-considered and ineffectual.